# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

COLONEL ANTONIO NORED                           Case No. 1:17-cv-134

    Plaintiff,                                 Barrett, J.
                                                Bowman, M.J.
v.

JOHN A. CUOCO,

    Defendant.

## OPINION AND ORDER

On March 1, 2017, Plaintiff, proceeding *pro se*, filed a motion to proceed *in forma pauperis* and attached his tendered complaint against the individual Defendant, John A. Cuoco. In a brief complaint, Plaintiff alleges that the Defendant has infringed upon Plaintiff's copyrighted work by publishing it, without Plaintiff's consent, on the internet. According to Plaintiff, his copyright is identified by registration number Pau 000525858.

On initial screening, the Court concluded that Plaintiff's complaint did not appear to be facially frivolous or malicious. Therefore, the Court directed service of the complaint upon Mr. Cuoco. However, on April 24, 2017, the summons form that Plaintiff completed was returned unexecuted. The attempt to serve Mr. Cuoco reflects that he no longer lives at the address listed by Plaintiff, and that the U.S. Postal Service was "unable to forward."

On May 2, 2017, the Court granted Plaintiff's motion to amend his complaint to add a new copyright claim against a newly identified Defendant, YouTube. At the same time, based upon the failure of Plaintiff to provide a valid address for the individual

1

Defendant, Mr. Cuoco, the Court admonished Plaintiff that "[i]t remains [his] responsibility to identify Mr. Cuoco's correct address for purposes of service on that Defendant, without which suit may not proceed against him." (Doc. 8).

The docket sheet reflects that on May 23, 2017, Plaintiff transmitted to the Clerk's office copies of forms required for service on YouTube, but that he has not yet returned forms for service on Mr. Cuoco. At of today's date, service has not been perfected on either YouTube or Mr. Cuoco.

Although the Court will bear the costs of service for a litigant who proceeds *in forma pauperis*, <u>it remains Plaintiff's sole responsibility to provide the Court with the requisite forms and a proper address through which service can be made</u>. Plaintiff has yet to provide an address for Mr. Cuoco, but he has filed three motions since entry of the Court's last order.

First, on May 8, 2017, Plaintiff filed a "motion to amend" in which he seeks an order of this Court directing YouTube to inform him of Defendant Cuoco's address. The motion goes on to seek the same type of injunctive and monetary relief sought by Plaintiff in his complaint, and states that Plaintiff seeks "to add in my second copyright which I neglected to include in my initial complaint." (Doc. 9). Plaintiff's motion will be denied on procedural grounds.

The motion appears to combine a discovery request with an irregular motion to further amend Plaintiff's complaint. Despite alluding to further amendment of the complaint, Plaintiff has failed to attach as an exhibit to his motion a copy of the tendered second amended complaint. In addition, YouTube has not yet been served with the original complaint, which Plaintiff has already amended once as of right. Even if the

2

motion to further amend Plaintiff's complaint were properly formatted, which it is not, the Court would not be inclined to grant Plaintiff leave to continually amend without permitting Defendant(s) to file a response. Moreover, prior to YouTube entering an appearance in this litigation, discovery from YouTube is premature. If and/or when YouTube is served with Plaintiff's complaint, as amended, and a scheduling order is entered in this case, at that time Plaintiff may serve formal discovery requests on YouTube in accordance with the Federal Rules of Civil Procedure. However, no grounds exist at the present time for this Court to direct YouTube to supply Plaintiff with the information he seeks concerning Mr. Cuoco's "present location." (Doc. 9 at 1).

In addition to the "motion to amend," Plaintiff has filed a "motion for cause and just compensation." (Doc. 10). This second motion also will be denied on procedural grounds. The motion "demand[s] to know why YouTube is broadcasting my video without my permission," and asks YouTube to "show cause why I should not be compensated for loss of sales which by YouTube['s] own admission that the number of viewers have numbers in the thousands I ask the YouTube [to] pay punitive damages to me of no less than 100,000 dollars." (Doc. 10). Again, absent service on YouTube and progression of this case in a manner consistent with a scheduling order, the motion is premature. To the extent that the motion appears to seek the ultimate relief sought by Plaintiff in the underlying complaint, such relief may not be granted by motion, other than through the filing of a dispositive motion (such as a motion for summary judgment under Rule 56), which is not typically filed prior to the conclusion of discovery.

Third, Plaintiff has filed a "motion for acceptance of E-mail Address or More Time to Find Physical Address" of Defendant Cuoco. Plaintiff explains that he has "searched

3

diligently" for Mr. Cuoco's physical address but to date, has been able to locate only an email address identified as Horstwessel1889@gmail.com   Plaintiff asks this Court to serve Mr. Cuoco by email or, alternatively, to permit him more time to locate a physical address for that Defendant.

The Federal Rules of Civil Procedure do not permit service by email based on the circumstances that Plaintiff presents.[1]  However, the Court will grant Plaintiff's request for additional time to complete a new summons form and U.S. Marshal form for service upon Mr. Cuoco at a physical address.  Rule 4(m) of the Federal Rules of Civil Procedure states, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

Plaintiff's complaint was filed on March 10, 2017; his first amended complaint was filed on April 13, 2017.  Under Rule 4(m), Plaintiff is required to serve his amended complaint not later than July 12, 2017, absent a showing of "good cause" for an extension of time.  Although the Court will extend time for Plaintiff to complete the necessary forms for service on Mr. Cuoco at this time, ***Plaintiff is forewarned that his pro se status does not entitle him to endless extensions of the time period for service.***

---

[1] Only in <u>exceptionally rare</u> cases, such as when an individual foreign defendant resides in a country that is not a party to the Hague Convention and after proof that all attempts at service by traditional mail or personal service have failed, has this Court permitted a plaintiff to attempt service via email.  It is highly unlikely that such service would ever be permitted in this case, since there is no indication that Mr. Cuoco resides in a country other than the United States, and neither service by mail nor personal service have not yet been attempted. *See generally* Rule 4(f), Fed. R. Civ. P. (serving an individual in a foreign country).

Last, it is apparent to this Court that Plaintiff, who proceeds without benefit of counsel, may be unfamiliar with the Local Rules of this Court and/or with the Federal Rules of Civil Procedure. The Court website includes a link to helpful materials under the heading "Representing Yourself," including a copy of the Local Civil Rules. http://www.ohsd.uscourts.gov/ Notwithstanding the difficulties an unrepresented litigant may face, he or she is required to comply with all rules of civil procedure, and all orders of this Court. A failure to do so may result in undesired consequences, including sanctions up to and including dismissal of a plaintiff's case.

Accordingly, **IT IS ORDERED THAT**:

1. To the extent it has not already done so, the U.S. Marshal shall serve YouTube in accordance with the forms provided by Plaintiff on May 23, 2017;
2. Plaintiff's motion for an extension of time to locate Mr. Cuoco (Doc. 11) is **GRANTED IN PART**. On or before **August 15, 2017**, Plaintiff shall complete a new summons form and U.S. Marshal form in order to effectuate service on Defendant John A. Cuoco;
3. Plaintiff's motion to amend, his motion for cause and just compensation, and his motion for service of Mr. Cuoco via email (Docs. 9, 10, 11) are **DENIED.**

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge